UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCHNEIDER LOGISTICS, INC.,

        Plaintiff,

     v.                                                          Case No. 22-C-1393

WASTEQUIP, LLC,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY

Plaintiff Schneider Logistics, Inc. (SLI), a freight and logistics company, brought this action against Defendant Wastequip, LLC, a waste equipment manufacturer, alleging two counts of breach of contract: one for unpaid invoices for logistical services and another for unpaid painshare/gainshare compensation based on agreed-upon performance metrics. Wastequip also asserted a counterclaim for breach of contract based on SLI's alleged failure to provide services after Wastequip issued a 90-day notice of termination of the parties' contract. The parties filed cross-motions for summary judgment, and the court granted summary judgment in favor of SLI on both of its counts. In doing so, the court rejected Wastequip's affirmative defense that any damages it owed to SLI were offset by SLI's own failure to make painshare/gainshare payments to Wastequip for not obtaining market rates for shipments during the termination period.

The court denied SLI's motion as to Wastequip's counterclaim, however, concluding that the record was not sufficiently developed to grant summary judgment in its favor. The matter is now before the court on Wastequip's Motion to Clarify the court's summary judgment order. Specifically, Wastequip asks the court to clarify whether it can assert that SLI breached the parties'

contract by failing to negotiate rates. To provide further guidance to the parties for the upcoming trial, Wastequip's request for clarification is granted but not in the manner Wastequip requests.

## LEGAL STANDARD

As a threshold matter, the parties dispute the proper characterization of Wastequip's motion. Wastequip captions its motion as one for "clarification" under Federal Rule of Civil Procedure 54(b). SLI argues that Wastequip's motion is masquerading, and the court should construe it as a motion for reconsideration brought under Federal Rule of Civil Procedure 59(e) or 60(b). SLI's argument, however, falls flat—at least in part.

While "the Federal Rules of Civil Procedure do not provide a mechanism for filing a 'Motion to Clarify,'" courts consider motions to clarify under Rule 54(b). *Fair Hous. Ctr. of Cent. Ind., Inc. v. Rainbow Realty Grp., Inc.*, No. 17-cv-01782, 2022 WL 6158365, at *3 (S.D. Ind. Oct. 7, 2022). This is because Rule 54(b) governs non-final orders that adjudicate "fewer than all the claims." Rules 59(e) and 60(b), on the other hand, both "govern post-judgment motions" that attack "the merits of a district court's decision." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). There has been no final judgment in this case and the court's summary judgment order "adjudicate[d] fewer than all the claims." Fed. R. Civ. P. 54(b). Thus, Wastequip's motion does not fall within the ambit of Rule 59(e) or 60(b). Instead, Rule 54(b) provides the applicable standard. *See Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]."). Because the parties disagree as to the effect of the court's summary judgment ruling and further guidance will likely preserve resources and allow a more streamlined trial of the claims that remain, the court will now provide such guidance.

## ANALYSIS

Wastequip seems to argue that the court misunderstood its argument. Rather than demarcate its affirmative defense based on painshare/gainshare payments and its counterclaim based on failure to negotiate rates, Wastequip suggests the court conflated the two arguments such that it is now unclear whether Wastequip can argue SLI breached the parties' contract by failing to negotiate rates. While the court acknowledges there was an intersect in its discussion of Wastequip's affirmative defense and counterclaim, the court unambiguously stated that Wastequip failed to point to any "provision of the Agreement requiring SLI to obtain any particular rate for Wastequip's loads." Dkt. No. 55 at 12. As such, the court concluded that Wastequip could not sustain a counterclaim for breach of contract based on SLI's alleged failure to obtain market rates. It was following this conclusion that the court remarked, "Wastequip's claim that it suffered a loss as a result of SLI's failure to obtain more favorable rates is nothing more than an effort to resurrect its already rejected painshare claim." *Id.*

In fact, even in briefing its motion for clarification, Wastequip does not point to any contractual provision that obligated SLI to obtain market rates. Instead, Wastequip places substantial weight on one of the parties' Stipulated Findings of Fact: "In sum, SLI agreed to identify carriers, *negotiate rates*, tender out Wastequip's freight, and ensure carriers have picked up and delivered freight for Wastequip." Dkt. No. 36 ¶ 30 (emphasis added). But Wastequip's reliance on the stipulated fact is misplaced for two reasons. First, the stipulated fact is not supported by citation to any specific contractual provision; rather, the fact merely summarizes the preceding 15 facts about the parties' "Master Agreement for Logistic Services." *See id.* ¶¶ 15–29. Also, the portions of the Agreement that are referenced in paragraphs 15 through 30 of the parties' Stipulated Findings of Fact do not obligate SLI to negotiate rates in the way Wastequip suggests.

3

*See* Master Agreement, Dkt. No. 19-1 at 15–19. As such, the stipulated fact Wastequip hangs its hat on cannot possibly support a breach of contract claim. *See Gallo v. Mayo Clinic Health Sys.-Franciscan Med. Ctr., Inc.*, 907 F.3d 961, 965 (7th Cir. 2018); *Brew City Redev. Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 714 N.W.2d 582, aff'd sub nom. *Brew City Redev. Grp., LLC v. Ferchill Grp.*, 2006 WI 128, 297 Wis. 2d 606, 724 N.W.2d 879. Second, even assuming the stipulated fact supports a contractual duty to negotiate rates, Wastequip attempts to breathe added life into the phrase "negotiate rates" by implicitly adding the word "market," thus imposing a duty upon SLI to negotiate *market* rates. This, it cannot do. The court has made clear that, as a matter of law, SLI was not obligated to obtain any particular rate for Wastequip's shipments. Dkt. No. 55 at 12. Any benefit gained by obtaining advantageous carrier rates was to be captured by the parties' painshare/gainshare program.

Wastequip further argues that it should be able to assert that SLI breached the contract by failing to negotiate rates at all. It supports this argument with a reference to Wisconsin's implied duty of good faith and fair dealing. *See Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 966 (7th Cir. 2000). This argument has some support in both logic and law. But Wastequip failed to provide any factual support for it in its summary judgment submission. In its summary judgment order, the court observed that SLI offered evidence to oppose Wastequip's allegation that the increase in rates during the termination period were the result of a total failure to negotiate rates. Dkt. No. 55 at 11–12. Specifically, SLI explained that the global COVID-19 pandemic and the resulting economic disruptions, as well as Wastequip's own business practices contributed to higher rates. *Id.* Wastequip did not offer any evidence to rebut SLI's explanation, thus failing to support its allegation that SLI completely failed to negotiate rates. In other words, Wastequip offered no evidence that the rates SLI arranged were unreasonably high, given the facts and circumstances

4

that existed at the time. It offered no evidence that lower rates were readily available. Instead, the only "evidence" Wastequip offered was its "painshare" calculation. It was for this reason that the court viewed "Wastequip's claim that it suffered a loss as a result of SLI's failure to obtain more favorable rates [as] nothing more than an effort to resurrect its already rejected painshare claim." Dkt. No. 55 at 12.

In failing to offer such evidence, Wastequip failed to meet its burden of demonstrating the existence of any evidence from which a jury could find in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). As the proponent of its claim that SLI had breached the contract by failing to negotiate reasonable rates, it was Wastequip's burden to present some evidence, i.e., more than a scintilla, that SLI in fact did not do so. Wastequip offered none. It is too late to do so now.

In sum, Wastequip is precluded from asserting that SLI breached the parties' contract by failing to negotiate rates. Wastequip remains free to pursue its breach of contract counterclaim via the other avenues it has previously asserted.

**IT IS THEREFORE ORDERED** that Wastequip's Motion to Clarify (Dkt. No. 57) is **GRANTED** as set forth herein.

Dated at Green Bay, Wisconsin this 9th day of December, 2024.

s/ William C. Griesbach1
William C. Griesbach
United States District Judge